**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DESERAE GARCIA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAINE & WEINER COMPANY, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**AND**<br><br>**JURY TRIAL DEMAND** |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Deserae Garcia a/k/a Deserae Ingram, on behalf of herself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against the Defendant Caine & Weiner Company, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive

and unfair practices, brought by Deserae Garcia, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors, which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.

3. In furtherance of its consumer protection statutory scheme, the FDCPA prohibits debt collectors from using false, deceptive and/or misleading representations in connection with the collection of any debt, and thereafter sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited are "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *See* 15 U.S.C. § 1692e(8).

4. The FDCPA is a strict liability statute which provides for actual and/or statutory damages upon the showing of one violation.

5. In order to effectuate its consumer protection mandate and so as to effectuate its remedial purposes, the FDCPA is construed broadly, and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

6. The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees, costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA to redress Defendant's violations of the FDCPA.

**JURSIDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

8. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

9. Plaintiff is an adult, natural person, who at all relevant times has resided in the City of Lithonia, DeKalb County, State of Georgia,

10. For all relevant times, Plaintiff was and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a business organization and does business in the State of Georgia, with its corporate as 5805 Sepulveda Blvd., 4th Floor, Sherman Oaks, CA 91411.

12. As stated on the Defendant's webpage, www.caine-weiner.com, "Caine & Weiner is a leading full-service Accounts Receivable Management enterprise with a network of national collection centers strategically located throughout the country."

13. Defendant uses the instrumentalities of interstate commerce and/or the mails for the purpose of the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to owed or due another.

14. For all relevant times, Defendant was and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who reside in the State of Georgia and have received within one (1) year from the date of Plaintiff's

Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*

16.  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable.

17.  On information and belief, hundreds or thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

18.  This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

19.  The Class is so numerous that joinder of all members is impracticable, as, upon information and belief, hundreds or thousands persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

20.  The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) whether Defendant violated the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

22. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

24. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

27. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (i) Defendant's conduct to proceed and; (ii) Defendant to further enjoy the benefit of its ill-gotten gains.

30. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

31. At all times relevant to this litigation, Defendant engaged in a course of collection activity aimed at the collection of an alleged debt (hereinafter "Subject Debt") allegedly due and owing from Plaintiff.

32. The Subject Debt arose out a transaction in which the money, property, insurance, or services that are the subject of the transaction were primarily for personal, family, or household purposes, and specifically accrued as the result of an alleged obligation undertaken for personal automobile insurance.

33. Upon information and belief, the original creditor of the Subject Debt is an entity named Progressive Insurance (hereinafter "Original Creditor").

34. The Subject Debt is a "debt" as the term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

35. Upon information and belief, and on a date better known to Defendant, the Subject Debt was allegedly in default to the Original Creditor, and thereafter assigned and/or otherwise transferred to Defendant for collection from Plaintiff.

36. By way of written communication dated June 8, 2017, Defendant mailed and/or otherwise delivered to Plaintiff, at Plaintiff's address, a debt collection letter demanding from Plaintiff payment of the Subject Debt and thereby attempting to collect said Subject Debt (hereinafter "Debt Collection Letter").

37. The Debt Collection Letter provides in pertinent part as follows:

> **Please be aware that we reserve the right to consider disputes that lack details and/or supporting documentation to be frivolous.**

38. A true and accurate copy of the Debt Collection Letter is annexed hereto as Exhibit A.

39. Plaintiff received and read the Collection Letter on or about June 11, 2017.

## COUNT I
## VIOLATIONS OF THE FDCPA
## (15 U.S.C. §1692 *et seq.*)

40. Plaintiff repeats and realleges the allegation contained in Paragraphs One (1) through Thirty-Nine (39) above and incorporates them with the same force and effect as if set forth specifically herein.

41. As mentioned above, the Debt Collection Letter provides in pertinent part as follows:

**Please be aware that we reserve the right to consider disputes that lack details and/or supporting documentation to be frivolous.**

42.  The FDCPA prohibits debt collectors, such as Defendant, from using false, deceptive, or misleading representations, including but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. *See* 15 U.S.C. § 1692e(8)

43.  Nothing in 15 U.S.C. §1692e(8), nor elsewhere in the FDCPA, speaks to a debt collector, such as Defendant, and their "rights" to consider disputes to be frivolous under any circumstance.

44.  Section 1692e(8) is clear in the plain meaning of the text that debt collectors, such as Defendant, are under an obligation to communicate that debts which are disputed by the consumers, are in fact disputed.

45.  As pertains to the FDCPA, a debt collector, such as Defendant, is not permitted to deem a consumer dispute "frivolous."

46.  Defendant's statement in the Debt Collection Letter is nothing less than deceptive and wholly misleading, for they assert to have a right, i.e. the right to deem a dispute frivolous, which they do not in fact possess and is nowhere in the text of the FDCPA.

47. Defendant's statement in its Debt Collection Right further chills the rights of the least sophisticated consumer, such as the Plaintiff and all others similarly situated, who upon reading the Defendant's statement, will or may fail to assert their rights under the FDCPA due to their lack of supporting documentation, which the Defendant otherwise demands in its Debt Collection Letter ("we reserve the right to consider disputes that lack…supporting documentation to be frivolous").

48. The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq.*, reads, in pertinent part, as follows:

> **(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

*See* 15 U.S.C. § 1692(e)

49. It is Defendant's behavior that the FDCPA was enacted to prevent.

50. Defendant's letter attempts place additional obligations, which are inconsistent with the letter of the law, on Plaintiff and all those similarly situated, in order for Plaintiff to exercise her federally mandated right to dispute debts; whilst at the same time, providing Defendant with rights to which they do not possess.

51. Defendant's placement of additional obligations on Plaintiff, and on all those similarly situated, further chills Plaintiff, and those similarly situated who may lack supporting documentation, from exercising their federally mandated rights.

52. Defendant's actions have caused damage to Plaintiff, and to those similarly situated, to which she and they are entitled relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff and all others similarly situated, for the following:

    A.    that an Order be entered certifying the class, as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3);

    B.    that an order be entered declaring Defendant's actions, as described above, in violation of the FDCPA;

    C.    that judgment be entered against Defendant, and for Plaintiff and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D.  that judgment be entered against Defendant, and for Plaintiff and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.  that Defendant be enjoined from utilizing the language referenced in the Complaint on all future letters to consumers;

F.  that the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

G.  that the Court grant such other and further relief as may be just and proper.

Dated this 6th day of June, 2018

Respectfully Submitted,

/s/*Jonathan B. Mason*
Jonathan B. Mason, Esq.

GA Bar ID #475659
Mason Law Group, P.C.
1100 Peachtree Street, NE, Suite 200
Atlanta, GA 30309
Tel: 404-920-8040
Email: jmason@atlshowbizlaw.com